UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| 56 WALKER LLC, | : | Case No. 13-11571 (ALG) |
| | : | |
| | : | |
| Debtor. | : | |

## MEMORANDUM OF DECISION

A P P E A R A N C E S :

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP,
*Counsel to the Debtor*
        By:     Jonathan S. Pasternak
One North Lexington Avenue
White Plains, New York 10601

KATTEN MUCHIN ROSENMAN LLP,
*Counsel to MB Financial Bank, N.A.*
        By:     Jeff J. Friedman
                Matthew W. Olsen
575 Madison Avenue
New York, New York 10022

LAW OFFICE OF DANIEL J. BORRIELLO
*Counsel to Joseph Pell Lombardi*
        By:     Daniel J. Borriello
134 West 13th Street
New York, New York 10011

DICKERSON & TOMASELLI
*Pro Se*
        By:     Charles Tomaselli
515 Madison Avenue, Suite 2306
New York, New York 10022

BRIAN GUILLORN, ESQ.
*Counsel for INN World Report, Inc. and Leonard Labanco*
        By:     Brian Guillorn
515 Madison Avenue
New York, New York 10022

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Before the Court is an objection to the claim of MB Financial Bank, N.A. ("MB") filed

by 56 Walker LLC, the Debtor [ECF No. 36]. The objection was joined by several unsecured

creditors, including Dickerson & Tomaselli, INN World Report, Inc. ("INN"), Leonardo

Labanco, John Morris, VCD Construction, Inc. ("VCD") and Adam Kushner Studios

(collectively with the Debtor's objection, the "MB Objections") [ECF No. 101].  The Debtor has

also objected to the proof of claim of Joseph Pell Lombardi & Associates, Architects

("Lombardi") (the "Lombardi Objection") [ECF No. 93]. For the reasons set forth below, MB is

entitled to an order overruling the MB Objections. The Court is unable to determine the

Lombardi Objection on the present record, and Lombardi's claim must be set down for further

proceedings.

## Facts

The following facts are established from the record of the case and are not in material

dispute.

The Debtor's sole asset was a six-story mixed-use building located at 56 Walker Street,

New York, NY 10013 (the "Property"). On September 21, 2007, the Debtor pledged the Property

as security for an $8 million mortgage loan with Broadway Bank, MB's predecessor-in-interest

("56 Walker Loan"). The Debtor defaulted one year later.

On April 22, 2009, Broadway Bank commenced a foreclosure action against the Debtor

(the "Foreclosure Action") in the Supreme Court of New York, New York County ("State

Court"). Lombardi, VCD and other entities claiming to hold consensual or mechanics liens

against the Property were joined as defendants. In April 2010, the Illinois Department of

Financial and Professional Regulation-Division of Banking closed Broadway Bank and the

Federal Deposit Insurance Corporation ("FDIC") was appointed as its receiver. MB entered into

a purchase and assumption agreement with the FDIC effective April 23, 2010 under which it

acquired many of Broadway Bank's assets, including many of its loans. MB asserts that it

acquired the mortgage and loan on the Property, and it was substituted as plaintiff in the

Foreclosure Action. On MB's motion, the State Court appointed a receiver for the Property, and

in response the Debtor filed a chapter 11 petition on September 23, 2011. *In re 56 Walker LLC*,

Case No. 11-14480 (ALG). The chapter 11 was contentious, and a chapter 11 trustee was

appointed for cause on April 4, 2012. The case was ultimately dismissed on August 10, 2012 on

the recommendation of the chapter 11 trustee. *See Order Providing for Dismissal of Case* [ECF

No. 164].

　　　　After dismissal of the first chapter 11 case MB resumed the Foreclosure Action and filed

a motion for summary judgment in the State Court. The Debtor opposed the motion and filed a

cross-motion for summary judgment seeking dismissal of MB's complaint on the grounds that

MB had not provided adequate proof that it was the assignee of the mortgage or the debt, and

that MB was liable either directly or indirectly on certain lender liability claims. The State Court

issued a Decision and Order on April 22, 2013 that granted MB's motion for summary judgment

of foreclosure on the Property and denied the Debtor's cross-motion. *MB Financial Bank, N.A.

v. 56 Walker, LLC et. al.,* Index No. 105617/2009, 2013 WL 1774094 (N.Y. Sup. Ct. Apr. 22,

2013). On the assignment issue, the State Court held that the affidavit MB submitted as evidence

that it was the assignee of the 56 Walker Loan was sufficient to support MB's motion for

summary judgment, as it plainly demonstrated that Broadway Bank had properly assigned the 56

Walker Loan and mortgage. *Id.* at *2–3. On the lender liability issue, the Court found that "56

3

Walker fails to provide evidentiary support for these allegations. As to fraud, 56 Walker does not

assert the basic element of a fraud defense—misrepresentation on behalf of the plaintiff." *Id.* at

*4. It thus concluded that "56 Walker's conclusory allegations as to Broadway's [MB's

predecessor's] fraudulent and illegal conduct are not sufficient to establish a valid defense. Nor

are they sufficient to support 56 Walker's cross-motion for summary judgment." *Id.* The State

Court also ruled that VCD's and Lombardi's liens against the Property were subordinate to MB's

mortgage lien. *Id.* at *4–5. MB served the Decision and Order by notice of entry on April 25,

2013, and on May 10, 2013 the Debtor filed a notice of appeal. However, before the State Court

entered MB's proposed judgment of foreclosure, the Debtor filed a second chapter 11 petition on

May 13, 2013.

In the instant bankruptcy case the Debtor was able to confirm a consensual plan of

reorganization and sell the Property for $18 million, and the proceeds are currently being held in

the escrow account of Debtor's counsel. The Debtor has not, however, resolved the parties'

competing rights to the proceeds. MB and the other alleged lienholders claim all of the proceeds.

The Debtor has objected to MB's claim and is joined by (1) Dickerson & Tomaselli, an

unsecured creditor owed legal fees; (2) INN, a tenant and creditor asserting lease rejection

damages; (3) Leonardo Labanco, a principal of INN; (4) John Morris, a lender; (5) VCD

Construction, Inc., a creditor that asserts a judgment claim for construction services; and

(6) Adam Kushner Studios, which asserts a mechanic's lien for architectural services. The

Debtor has also objected to the Lombardi secured claim.

**Discussion**

**MB's Claim**

MB's response to the Objection to its claim is based on the contention that the doctrines of res judicata and collateral estoppel apply to the State Court's April 22, 2013 Decision and Order that granted MB summary judgment of foreclosure on the Property. *See 56 Walker, LLC,* 2013 WL 1774094. In its Decision and Order, the State Court overruled the Debtor's claims that there was insufficient proof that the mortgage and loan had been assigned to MB and held that the Debtor had not presented sufficient evidence of a lender liability claim to preclude MB's motion for summary judgment. *Id.* at *2–5.

A bankruptcy court follows the preclusion law of the state in which it sits. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996); *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997). In New York, "the doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same.'" *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994), quoting *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984); *see also PenneCom B.V. v. Merrill Lynch & Co.,* 372 F.3d 488, 491 (2d Cir. 2004); *Zherka v. City of New York, N.Y.*, 08 CV 9005 LAP, 2010 WL 4537072, at *4 (S.D.N.Y. Nov. 9, 2010), *aff'd sub nom. Zherka v. City of New York*, 459 F. App'x 10 (2d Cir. 2012). Unlike res judicata, collateral estoppel does not require a final judgment. *Am. Postal Workers Union Columbus Area Local AFL-CIO v. U.S. Postal Serv.*, 736 F.2d 317, 319 (6th Cir. 1984) ("final judgment . . . is not

required so long as there has been a final decision with respect to the issue to be given preclusive

effect."); Restatement (Second) of Judgments § 13 (1982).

      In the present case, the State Court Decision and Order is entitled to collateral estoppel

effect because the Debtor litigated in the State Court the same issues it has raised here, it had a

full and fair opportunity to litigate those issues, and it received a determination from the State

Court. In addition, even though they were not parties to the Foreclosure Action, the unsecured

creditors are bound by the decision because they are in privity with the Debtor. "Generally, to

establish privity the connection between the parties must be such that the interests of the

nonparty can be said to have been represented in the prior proceeding." *Green v. Santa Fe Indus.,*

*Inc.*, 70 N.Y.2d 244, 253, 519 N.Y.S.2d 793, 797, 514 N.E.2d 105, 108 (1987); *Akhenaten v.*

*Najee, LLC*, 544 F. Supp. 2d 320, 328 (S.D.N.Y. 2008), quoting *Amalgamated Sugar Co. v. NL*

*Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987) ("a finding of privity . . . depends on whether,

under the circumstances, the interests of the [absent party] were adequately represented [in the

earlier action]."). In this case the creditors are bound by the Debtor's prior litigation of the issue

because the interests of the debtor and its creditors are fully aligned for preclusion purposes. *See*

*Stissing Nat. Bank v. Kaplan*, 28 A.D.2d 1159, 1160, 284 N.Y.S.2d 320, 322 (3d Dept. 1967)

(holding that trustee in bankruptcy under Bankruptcy Act represented the secured and unsecured

creditors and was thus in privity with them); *In re Monument Record Corp.*, 71 B.R. 853, 863

(Bankr. M.D. Tenn. 1987) (holding that the debtor and its unsecured creditors' committee were

in privity concerning the validity of a lien). Here, the creditors have no claim that the Debtor

does not have, and the unsecured creditors' joinder to the Debtor's objection to MB's claim

demonstrates that their arguments are the same. Thus, the Debtor represented its unsecured

creditors' interests in the Foreclosure Action.

In any event, this Court does not have the authority to review state court decisions, whether on behalf of a debtor or its creditors. *In re Siskin*, 258 B.R. 554, 561 (Bankr. E.D. N. Y. 2001). The Rooker-Feldman doctrine deprives the bankruptcy court of subject-matter jurisdiction to review a state court decision and precludes federal jurisdiction if the relief requested in federal court would reverse or void a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010); *In re Raffel*, 283 B.R. 746, 748 (B.A.P. 8th Cir. 2002), citing *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998); *In re Candidus*, 327 B.R. 112 (Bankr. E.D.N. Y. 2005).

In this case, the doctrine of res judicata would also preclude this Court from revisiting the State Court Decision and Order. When a court has issued a final judgment on the merits, res judicata precludes those same parties from relitigating not only issues that were litigated but also those that could have been raised in that action. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 381 (2d Cir. 2003); *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir. 1983). As noted above, res judicata requires a final judgment, and the MB Objections assert that res judicata cannot apply because the Decision and Order was not incorporated into a foreclosure judgment before the Debtor filed for bankruptcy. However, in the case of decisions that have not ripened into a judgment because of a bankruptcy filing, courts have held that a judgment is not always a condition to the application of res judicata. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986) (holding that a pre-petition decision and order granting judgment in favor of plaintiff was entitled to res judicata effect in defendant's subsequent bankruptcy case, even though the court did not enter a judgment pre-petition); *see also In re Briarpatch Film Corp.*, 281 B.R. 820, 831 (Bankr. S.D.N.Y. 2002) (holding that the state court

7

"determinations, even if not incorporated in a final judgment, are entitled to the respect of this

Court.").

In addition to the foregoing, the parties have also made a further argument here that they

claim the State Court never reached—that MB cannot claim ownership of the 56 Walker Loan

because in another bankruptcy case in this Court before Judge Gerber, MB introduced into

evidence a list of loans that had been assigned to it by its predecessor-in-interest, Broadway

Bank, and that the list did not include the 56 Walker Loan. *In re 261 East 78 Realty Corp.,* Adv.

Case No. 12-01118 (REG) [ECF No. 23]. The Objectants assert that the doctrine of judicial

estoppel prevents MB from asserting in this case that Broadway Bank had assigned the loan to it

because of the allegedly "contrary position" taken in that other proceeding.

The Debtor made this same argument in the State Court, *see MB's Preliminary Response*,

Exh. C at pp. 11–12; Exh. E at pp. 6–7, and the State Court did not deem it even worthy of

mention in its Decision and Order, even though it obviously disagreed with the Debtor by virtue

of the fact that it entered summary judgment for MB. It was certainly an argument that could

have been made for res judicata purposes. In any event, even if the Debtor and the other parties

that joined the Debtor in the MB Objections are not precluded from making the judicial estoppel

argument in this Court, it has no merit.

The doctrine of judicial estoppel applies where (1) a party's later position is clearly

inconsistent with its earlier position, (2) the party's former position has been adopted in some

way by the court in the earlier proceeding, and (3) the party asserting the two positions would

derive an unfair advantage against the party seeking estoppel. *New Hampshire v. Maine*, 532

U.S. 742, 750–51 (2001); *In re Adelphia Recovery Trust*, 634 F.3d 678, 696 (2d. Cir. 2011); *In

re B&M Linen Corp.*, No. 12-11560 (ALG), 2013 WL 3579340, at *24 (Bankr. S.D.N.Y. July

12, 2013). Using this test, MB is not judicially estopped from claiming that it is the assignee of

the loan. First, MB has not taken positions that are diametrically opposed and has provided a

reasonable explanation for the fact that the 56 Walker Loan was not included in the collateral

list. MB explained "that the Collateral List did not include the [56 Walker] Loan because, prior

to the Collateral List being prepared between October 2009 and January 2010, Broadway Bank

had commenced the Foreclosure Action on April 22, 2009 and delivered the original [56 Walker]

Loan Documents to its counsel in that action." *Response to the Debtor's Supplement* [ECF No.

109] at ¶ 23. Moreover, in the earlier proceeding before Judge Gerber, the collateral list was not

expressly relied on or adopted in the Court's decision. Further, there is no question that the note

exists—the Debtor readily admits as much—and there is no reason to believe the Debtor was

prejudiced in any way by MB's position in the other case.

On this record, MB is entitled to an order overruling the MB Objections and recognizing

the validity and enforceability of the 56 Walker Loan.

**Lombardi Objection**

Lombardi filed a proof of claim for $506,538.65 as a secured claim and $1,718,125 as an

unsecured claim. Lombardi asserts that a decision of the State Court is equally preclusive in

determining the validity of its secured claim.[1] The Debtor argues that the decision was entered

post-petition and that it has defenses that were never fully and fairly heard by the State Court.

The procedural history related to the Lombardi Objection is complex. In the Foreclosure

Action, Lombardi filed a cross-claim asserting that it was entitled to be treated as a secured

creditor. Under state law, there was no need for an answer to be filed; it was deemed answered

---

[1] The Court will reserve addressing the issues related to the unsecured claim because it is not clear at this time that there will be a distribution to unsecured creditors.

9

and denied. NY CPLR 3011.[2] In due course, Lombardi moved for summary judgment, but the

Debtor only responded to MB's motion for summary judgment, and did not respond to

Lombardi's.

Notwithstanding the Debtor's failure to respond, in its decision on MB's motion for

summary judgment, the State Court initially denied the Lombardi cross-claim without any

discussion. *See 56 Walker, LLC,* 2013 WL 1774094, at *5. On May 23, 2013, ten days after the

Debtor had filed for bankruptcy protection and the automatic stay was in effect, Lombardi

moved for reconsideration of the denial of his cross-motion for summary judgment. On July 9,

2013, the State Court granted the Motion for reconsideration, granting him judgment by default

on his cross-claim. *See Claim No. 4*, Exh. B. However, due to the bankruptcy filing, the

Amended Order provided that the judgment for Lombardi would be entered only once the stay

was lifted. *Id.*

This Court lifted the automatic stay on December 23, 2013 to permit all matters to

proceed in the State Court, including an appeal from the foreclosure decision of the Supreme

Court [ECF No. 82].[3] Thereafter, the State Court held a status conference on January 27, 2014

concerning all of the outstanding issues in the Foreclosure Action, and on February 10, 2014,

Lombardi filed a letter with the State Court explaining that the bankruptcy court had not

reimposed the automatic stay and requesting an order from the State Court "providing some

clarity on its summary judgment decisions shortly." [ECF No. 500]. On February 11, 2014, the

---

[2] CPLR 3011 provides that "[t]here shall be . . . an answer to a cross-claim that contains a demand for an answer. If no demand is made, the cross-claim shall be deemed denied or avoided."

[3] The pendency of an appeal of the State Court Decision and Order in favor of MB does not affect the preclusive effect of the order of the Supreme Court. *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) ("Under New York law, 'the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding.'").

State Court entered its reconsidered decision in favor of Lombardi. *See Lombardi's Response to the Debtor's Objection* [ECF No. 106], Exh. G.

The question is whether, based on this procedural history, the decision in Lombardi's favor is entitled to preclusive effect. Unlike the MB Claim, where the State Court entered its Decision and Order pre-petition, here the State Court entered its reconsidered decision post-petition. Although the issue is close, the Court concludes that the Debtor was not given a sufficient opportunity after the stay went into effect to respond to Lombardi's motion for reconsideration.

It is recognized that the decision on which Lombardi relies was based on the Debtor's failure to respond to Lombardi's summary judgment motion, a default that took place before the instant bankruptcy case was filed. In New York, "collateral estoppel may be properly applied to default judgments where the party against whom preclusion is sought appears in the prior action, yet wilfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so." *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) ("The bankruptcy court . . . was bound to the liability determinations in the state [default] judgment unless an exception existed to prevent operation of the judgment's preclusive effect."); *In re Abady*, 22 A.D.3d 71, 85, 800 N.Y.S.2d 651, 661 (1st Dept. 2005). However, in this case, the Debtor did not have an adequate opportunity to object to the motion for reconsideration, which was made and initially decided at a time when the stay was in effect. It is this reconsidered decision that Lombardi relies on. To give the Debtor a full opportunity to be heard, the Court will not enter judgment on Lombardi's secured claim at this time and will instead require further proceedings to establish its amount and priority.

## **Conclusion**

Based on the record before the Court, the objections to the MB Claim are overruled. Further proceedings will be required with regard to the Lombardi Claim. Moreover, further proceedings are required before MB will be entitled to a distribution from the post-confirmation escrow. First, the priority of its claim versus the claims of the mechanics lienholders will have to be determined. Second, the amount of MB's claim has never been determined. Finally, it is uncertain whether the distribution should be stayed until there is a decision on the appeal of the State Court's Decision and Order on which MB relies.

MB has asserted in open court on several occasions that it would be in a position after a decision on the Claim Objection to propose a comprehensive distribution that would hopefully be acceptable to all or most creditors and permit the prompt distribution of the funds in escrow. MB may have 30 days from the date hereof to settle an order providing for such distribution, and any party in interest may have 20 days from the filing of such proposal to comment or object, or to propose that entry of a distribution order be stayed pending appeal in the State court system. A hearing will be held on the issues promptly thereafter. Lombardi may commence further proceedings with respect to his claim at any time.

Dated:  New York, New York
        March 25, 2014

                                    **s/Allan L. Gropper**
                                    UNITED STATES BANKRUPTCY JUDGE